UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JAMES M. ABERNATHY, HEATHER HUTTON, and KERRIE INGLE, on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BLUECROSS BLUESHIELD OF TENNESSEE, INC.<br><br>Defendant. | No.:<br><br>JURY DEMANDED |

## COMPLAINT

Come now James M. ("Matt") Abernathy, Heather (Click) Hutton, and Kerrie Ingle, on their own behalf and on behalf of all others similarly situated, by and through counsel, and sue Defendant BlueCross BlueShield of Tennessee, Inc., as follows:

### SUMMARY OF THE CASE

1. This is a class action lawsuit brought against BlueCross BlueShield of Tennessee, Inc. ("Defendant") to remedy the illegal discrimination to which its employees who requested religious accommodations from Defendant's COVID-19 vaccine mandate have had to endure.

2. Defendant decided that unvaccinated employees—even those who Defendant admits have sincerely held religious objections to the vaccine—were to be terminated from their employment despite their sincerely held religious beliefs and the reasonableness of their accommodation requests.

3. Defendant's discriminatory actions left Plaintiffs and those similarly situated with the formidable task of choosing between their faith and their jobs. As to those who chose their

faith, Defendant terminated their employment. In so doing, Defendant violated Title VII of the Civil Rights Act of 1964 by discriminating against Plaintiffs based on their religious beliefs and failing to provide reasonable accommodations to Plaintiffs' sincerely held religious beliefs.

**PARTIES, JURISDICTION, AND VENUE**

4. Plaintiff Matt Abernathy is an adult citizen and resident of Nashville, Davidson County, Tennessee.

5. Plaintiff Heather Click is an adult citizen and resident of Bristol, Sullivan County, Tennessee.

6. Plaintiff Kerrie Ingle is an adult citizen and resident of Soddy Daisy, Hamilton County, Tennessee.

7. Defendant BlueCross BlueShield of Tennessee, Inc. is a Tennessee not-for-profit corporation with its principal office located at 1 Cameron Hill Circle, Chattanooga, Tennessee 37402.

8. Defendant is an insurance company offering, *inter alia*, individual and family health insurance plans, Medicare and Medicaid plans, dental and vision plans, and employer and group plans.

9. This case arises under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C § 2000e.

10. The Court has subject matter jurisdiction pursuant to, *inter alia*, 28 U.S.C. § 1331 (federal question).

11. Venue is proper pursuant to, *inter alia*, 28 U.S.C. § 1391.

12. Plaintiffs timely filed with the EEOC charges of religious discrimination reflecting their intent to proceed as a class, received a Notice of Rights on August 21, 2023 (Abernathy),

August 14 2023 (Hutton), and August 18, 2023 (Ingle), and timely file this suit within the prescribed period.

## FACTUAL BASIS

**COVID-19 and Defendant's Response.**

13. With the onset of the COVID-19 pandemic in the spring of 2020, Defendant began implementing various mitigation procedures for its employees, including allowing and/or requiring many employees to work from home. Other safeguards it established included mandated mask wearing, social distancing, and frequent COVID-19 testing. Necessarily, Defendant created and implemented the infrastructure to support and fulfil such measures, including the software foundation required for employees to work from home and the personnel and technology infrastructure required to frequently test employees for COVID-19 and/or antibodies, and to enforce a company-wide on-site mask mandate.

14. Within the United States, three vaccines have been created to combat COVID-19. The Food and Drug Administration ("FDA") issued an Emergency Use Authorization ("EUA") for the Pfizer BioNTech vaccine on December 1, 2020, and another for the Moderna vaccine on December 18, 2020. In February 2021, the FDA issued an EUA for the Johnson & Johnson vaccine.

**Defendant's Vaccine Mandate and Plaintiffs' Requests for Accommodation**

15. On August 11, 2021, Defendant identified between 800 and 900 positions which were to be subject to a newly implemented mandate for receiving a COVID-19 vaccine. Employees in those identified positions were given six (6) weeks, as a term and condition of employment, to receive a COVID-19 vaccine. Absent an exemption for medical/disability or religious reasons, any employee who refused the vaccine was to be terminated.

16. Defendant announced it would consider requests for medical and/or religious exemptions on a case-by-case basis and at its discretion.

17. Each named Plaintiff as well as each member of the putative class submitted a request for a religious accommodation through Defendant's designated COVID-19 vaccination exemption process.

18. In each of their respective accommodation requests, Plaintiffs explained their belief that the COVID-19 vaccines—as well as other vaccines—were developed (either directly or through testing) using fetal cell lines derived from aborted fetal tissue and that it would be sinful to interject such products into their bodies. They believe a Christian's body being surrendered to God is a form of spiritual worship. (*See, e.g.*, Romans 12:1). Plaintiff Heather Click additionally believes that the vaccine causes the body to create proteins God did not intend the body to create, which is in itself a form of disobedience to God.

19. Each Plaintiff requested an accommodation to include, *inter alia*, the ability to work from home (or continue working from home in some instances), or alternatively, that he or she would agree to abide by increased safety protocols such as mask wearing and/or face shields, social distancing, frequent COVID-19 testing, and COVID-19 antibody testing.

20. Plaintiffs spoke to and became aware of other employees who share similar deeply held religious beliefs and who, like them, requested accommodations that would substantially reduce any and all risk of transmitting COVID-19 to their coworkers or others.

21. Based on the information Defendant requested that Plaintiffs provide, Defendant concluded that each named Plaintiff – and upon information and belief, their coworkers who requested religious exemptions – were indeed sincere in their deeply held religious beliefs regarding the vaccine.

22. However, as to each and every employee who requested accommodation on religious grounds, Defendant denied the accommodation.

23. Upon information and belief, as it pertains to employees requesting an exemption to Defendant's vaccine policy because of their sincerely held religious beliefs, Defendant rejected each and every employee's request. This is true despite Defendant's acknowledgment of the sincerity of each person's deeply held belief. Indeed, Defendant instituted a pattern and practice of denying religious accommodations to the entire class of those who requested accommodations based on their sincerely held religious beliefs, irrespective of such person's position, accommodations requested, religion practiced, or any other differentiating factor.

24. While Defendant feigned an attempt to engage in the interactive process with Plaintiffs, this effort was insincere, as Defendant never intended to grant any reasonable accommodations, as evidenced by the fact that Defendant denied *all* religious exemption requests across the board as a matter of course and practice.

25. This denial came despite the reasonableness of the accommodation requests and despite the fact that employees had worked under these conditions (e.g., remotely, heightened safety protocols, etc.) for several months prior to and after the vaccines were developed.

26. Defendant's past conduct and implementation of heightened safety protocols, remote work, and other COVID-19 safety measures show that Plaintiffs could have been accommodated without any resulting substantial increase in costs in relation to the conduct of Defendant's business.

27. Yet, irrespective of the sincerity of their religious beliefs and the reasonableness of their accommodation requests, Defendant fired Plaintiffs and their similarly situated coworkers between October 5, 2021, and November 5, 2021, for their failure to receive a COVID-19 vaccine.

## CLASS ALLEGATIONS

28. Plaintiffs incorporate into this section the above averments.

29. Plaintiffs bring their claims as a class action under Federal Rules of Civil Procedure 23(a) and (b).

30. Through this action, Plaintiffs seek to represent a class of all employees who requested that Defendant exempt them from Defendant's vaccine mandate due their sincere (as Defendant itself concluded) religious beliefs , and with respect to whom Defendant violated their legal rights by denying such accommodations and terminating their employment pursuant to a pattern or practice of discriminating against those employees who requested on the basis of their religious beliefs to be exempted from Defendant's vaccine mandate.

31. By issuing a uniform denial of all religious-based accommodation requests, Defendant's legal violations extend to the entire class.

32. Joinder of all members of the class would be impractical due to the numerosity of the class. At this time, the exact class size is unknown to Plaintiffs; however, it is expected to exceed fifty (50) employees.

33. Common questions of law and fact apply to all members of the class. Such questions include, *inter alia*:

   a. Did Defendant follow a *de facto* policy of rejecting religious exemption requests?

   b. Did Defendant follow a discriminatory policy of treating religious exemptions less favorably than other classes of people requesting exemption on different grounds?

   c. Did Defendant comply with Title VII's requirement that it consider each member's accommodation request on a case-by-case basis?

  d. Did Defendant comply with Title VII's requirement that it provide reasonable accommodations to those employees with sincerely held religious beliefs?

  e. Would providing an exemption to the vaccine mandate to those whose sincerely held religious beliefs are antithetical to the vaccine have resulted in substantial increase in costs in relation to the conduct of Defendant's business?

34. Plaintiffs' claims are typical of, if not identical to, the claims of the class because they, like the class members, (1) requested accommodations based on their sincerely held religious beliefs, (2) Defendant determined their beliefs to be sincerely held, (3) Defendant denied those requests as a matter of practice and policy, and (4) Defendant refused to consider on a case-by-case basis whether such request could be accommodated.

35. For those reasons, Plaintiffs will fairly and effectively protect the interest of the entire class.

36. The questions of law and fact which are common to the members of the class predominate over any questions affecting only individual members, and a class action is the most suitable method to efficiently adjudicate Plaintiffs' claims. Joinder of all members of the class is impracticable and judicially inefficient.

## **CAUSES OF ACTION**

**Title VII of the Civil Rights Act of 1964 – Religious Discrimination**

37. Plaintiffs incorporate the paragraphs above by reference.

38. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), makes it unlawful for an employer to discharge or otherwise discriminate against an employee on the basis of religion.

39. Title VII also imposes a duty upon employers to reasonably accommodate the sincerely held religious beliefs of their employees. 42 U.S.C. § 2000e(j).

40. Here, Plaintiffs held sincere religious beliefs which caused their respective objections to receiving the COVID-19 vaccine. Defendant has conceded this fact.

41. Plaintiffs were otherwise qualified for their respective positions, as evidenced by their years of employment within their roles.

42. Defendant was aware of Plaintiffs' sincerely held religious beliefs and their corresponding objection to the COVID-19 vaccine mandate via Plaintiffs' submissions of religious accommodation requests.

43. Defendant informed Plaintiffs that it would not accommodate their religious objections and instead terminated Plaintiffs and all similarly situated employees.

44. This despite that an accommodation would not have resulted in a substantial increase in costs in relation to the conduct of Defendant's business.

45. Defendant's action was to issue a blanket, across-the-board, unappealable rejection of each religious-based exemption request.

46. Plaintiffs were subject to adverse employment actions; Defendant terminated their employments. Only if they surrendered their religious beliefs would Defendant have changed course on firing them.

47. In so doing, Defendant treated Plaintiffs and the putative class members worse than it treated those within other protected classes, specifically those who requested and were granted disability-based exemptions. Likewise, Defendant treated Plaintiffs and those similarly situated worse than those outside of the protected class.

48. By failing to accommodate Plaintiffs' sincere religious beliefs and then firing Plaintiffs, Defendant willfully discriminated against Plaintiffs because of their religious beliefs, which is a blatant violation of Title VII.

**DAMAGES**

49. As a direct and proximate result of Defendant's unlawful and willfully discriminatory behavior, Plaintiffs and the similarly-situated class members have and will continue to suffer humiliation, embarrassment, emotional distress, lost wages and benefits, loss of earning capacity, loss of future income, and other benefits and privileges of employment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Matt Abernathy, Heather (Click) Hutton, and Kerrie Ingle, on their own behalf and on behalf of all others similarly situated, respectfully pray for the following relief:

50. That the Court certify this action as a class action under Federal Rules of Civil Procedure 23(a) and (b).

51. A judgment that Defendant violated Title VII of the Civil Rights Act of 1964 by illegally discriminating against Plaintiffs and those similarly situated based on their religion, and that such violation was willful and/or reckless;

52. A jury be empaneled to serve as the trier of fact;

53. An award of all damages the law affords Plaintiffs and those similarly situated, including back pay, reinstatement or front pay, pre-judgment and post-judgment interest, punitive damages, and compensatory damages;

54. An award of reasonable attorneys' fees and costs; and

55. An award of all such other and further legal and equitable relief to which Plaintiffs and those similarly situated may be entitled under the facts of this case.

RESPECTFULLY SUBMITTED,

*s/ Clint J. Coleman*
JESSE D. NELSON (BPR # 025602)
CLINT J. COLEMAN (BPR # 038413)
NELSON LAW GROUP, PLLC
10263 Kingston Pike
Knoxville, TN 37922
(865) 383-1053
jesse@nlgattorneys.com
clint@NLGattorneys.com

*Attorneys for Plaintiffs and putative class of similarly situated employees*