UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| HEATHER HUTTON, *on her own behalf and on behalf of others similarly situated, et. al.*, | ) ) ) ) Case No: 3:23-cv-322 ) |
| *Plaintiffs*, | ) Judge Curtis L. Collier |
| v. | ) ) |
| | ) Magistrate Judge Jill E. McCook |
| BLUECROSS BLUESHIELD OF TENNESSEE, INC., | ) ) ) |
| | ) |
| *Defendant*. | ) |

## **FINAL SETTLEMENT APPROVAL AND JUDGMENT ORDER**

This matter is before the Court for the final approval of a class action settlement. The Court held a fairness hearing on October 16, 2025. (Doc. 47.) During the fairness hearing, the Court considered, among other things, the final proposed settlement agreement and Rule 23 requirements.

Having considered the motion papers, the proposed Settlement Agreement, which the Court preliminarily approved on July 11, 2025, the arguments of counsel, and all files, records, and proceedings in this action, and otherwise being fully informed as to the facts and the law,

It is hereby ORDERED as follows:

1. For purposes of this Final Settlement Approval Order, except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as are ascribed to them in the Settlement Agreement.

2. The following Class is hereby finally certified for settlement purposes under Rule 23(b)(1) of the Federal Rules of Civil Procedure:

> All current or former employees of Blue Cross Blue Shield of Tennessee ("BCBST") who: (1) after requesting either a medical or religious accommodation from BCBST's public-facing employee vaccine mandate, were offered, among

other things, thirty days to obtain alternative employment within BCBST not subject to the mandate (the "Extension"); and (2) The persons either: (a) were terminated after either: (i) refusing the Extension, or (ii) accepting the Extension, but failing to transfer into an alternative position within BCBST during the thirty-day period; or (b) accepted a job at a lower pay grade during the thirty-day period after accepting the Extension; and (3) The persons have not filed another lawsuit against BCBST relating to its COVID-19 vaccination policy.

This Class is consistent with the class preliminarily certified by the Court for settlement purposes and meets all of the requirements of Rule 23 and due process for the reasons specified in this Court's prior Preliminary Approval Order and on the record at the Fairness Hearing. (*See* Docs. 44, 47.)

3. The form and method of notifying the Class Members of the terms and conditions of the Settlement met the requirements of Rules 23 and due process and constituted the best notice practicable under the circumstances. In accordance with the Court's Preliminary Approval Order, as well as for reasons stated on the record at the Fairness Hearing, and as reflected in the information provided by the Settlement Administrator (Rust Consulting), Class Notices were timely distributed by first-class mail to all Class Members and provided Class Members with all necessary information regarding the Settlement and their rights under the Settlement (including their right to have objected and appeared at the Fairness Hearing).

4. The terms of the Settlement are fair, reasonable, and adequate, and satisfy the conditions for approval under Rule 23(e)(2). Among other things, the Court finds, as stated on the record at the Fairness Hearing, that:

    A. The Class was adequately represented by the Class Representative and Class Counsel;

B. The Settlement resulted from arm's-length negotiations conducted in good faith after extensive litigation;

C. The monetary relief provided by the Settlement is fair, reasonable, and adequate in light of the claims asserted, and will be effectively distributed pursuant to a common formula that treats all class members equitably;

D. The Settlement avoids significant costs, risks, and delays in connection with continued litigation;

E. The Class Representatives and Class Counsel support the Settlement;

F. Class Members had the opportunity to be heard on all issues regarding the Settlement, and there were no objections to the Settlement; and

G. The Settlement Agreement meets all other necessary criteria for approval and is in the best interest of the Class.

5. Accordingly, final approval of the class action settlement is **GRANTED**, the settlement of the class action is **APPROVED** as fair, reasonable, and adequate to the Class, and the Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

6. The Lawsuit is **DISMISSED with prejudice**, without costs to any of the Parties other than as provided for in the Settlement Agreement.

7. Neither this Final Settlement Approval Order nor the Settlement Agreement constitutes an admission by Defendant or any of the Related Parties of any liability or wrongdoing whatsoever.

8. The Class Representatives and each Class Member on behalf of themselves and each of their beneficiaries, heirs, executors, representatives, and assigns shall be (i) conclusively deemed to have, and by operation of this Final Settlement Approval Order shall have, absolutely and unconditionally released and forever discharged Defendant and the Released Parties from all of the claims released, and (ii) barred and enjoined from suing Defendant or any of the Released Parties in any action or proceeding alleging any of the released claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Lawsuit, whether or not Class Members received the Class Notice, whether or not Class Members received a payment in connection with this Settlement Agreement, whether or not Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of attorneys' fees and costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

9. The Court has subject matter jurisdiction over this Lawsuit and personal jurisdiction over the Parties and expressly retains that jurisdiction for purposes of enforcing this Final Settlement Approval Order and the Settlement Agreement.

10. Upon the Effective Date of this Order, the Parties, the Class, and the Plan shall be bound by the Settlement Agreement and by this Final Settlement Approval Order.

11. There being no remaining issues, the Clerk is **DIRECTED** to **CLOSE** the case.

4

SO ORDERED.

ENTER:

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

ENTERED AS A JUDGMENT
  s/ *LeAnna Wilson*
   CLERK OF COURT